IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV798-GCM

| | |
|---|---|
| SANDRA D. JORDAN,              )<br>                                              )<br>    Plaintiff,                            )<br>                                              )<br>vs.                                         )<br>                                              )<br>CAROMONT HEALTH, INC.,     )<br>                                              )<br>    Defendant.                         )<br>_____) | ORDER |

This matter is before the Court upon the Defendant's Motion for Partial Judgment on the Pleadings [Doc. No. 5], Plaintiff's response [Doc. No. 7] and Defendant's reply [Doc. No. 8].

## I. FACTUAL BACKGROUND

Plaintiff applied for eight positions with CaroMont between December 9, 2009 and October 6, 2011, including a position as a Chronic Care Specialist on September 25, 2011 for which she was hired at a salary of $78,873.60 plus benefits. [Doc. No. 1 ¶ 4; Doc. No. 4-2 at 13: Employment Application Cover Sheets and Acknowledgements]. Each application that Plaintiff completed contained an acknowledgement section which instructed the applicant to "read the following carefully before signing." Paragraph four of this acknowledgment reads:

> If accepted for employment, I hereby agree to abide by the rules, policies, procedures and customer service statement of CaroMont Health. I understand that my employment will be on a trial basis for ninety (90) days. Before or after this ninety day period, employment is "at-will" and can be terminated by me or CaroMont Health at any time meaning that either CaroMont Health or I may end the relationship at any time with or without cause. This application does not create a contract of employment nor guarantee employment for any definite period of time. Although I may be hired for a specific work schedule, CaroMont Health does not guarantee my work schedule and may alter as necessary. I understand that only the Chief Executive Officer has the authority to enter into a contract of employment with me, and no other manager, supervisor, or

1

representative of CaroMont has authority to enter into any agreement for employment for any specified period of time, or to make any agreement contrary to the at-will employment relationship, and that any such agreements must be in writing and must be signed by the Chief Executive Officer."

[*Id.* ¶ 4].

CaroMont offered Plaintiff a Chronic Care Specialist position, which Plaintiff accepted on or about November 7, 2011. [Doc. No. 1-1: Complaint at ¶ 4; Doc. No. 4: Answer ¶ 4; Doc. No. 4-4: November 7 Acceptance Letter). Plaintiff contends that the offer to her included a salary of $78,873.60, a committed period of several months training for her new position, a direct report to a named supervisor, a principle work location in CaroMont's main hospital in Gastonia and "numerous other terms." [Doc. No. 1-1: Complaint ¶¶ 4, 6, 79, 10]. CaroMont's recruiting coordinator, Betsy Eaves, wrote Plaintiff a letter on November 7, 2011 laying out Plaintiff's salary and start date. [Doc. No. 4-4: November 7 Acceptance Letter]. This letter also explained that Plaintiff's employment "is 'at-will' and can be terminated at any time by [Plaintiff] or CaroMont." [*Id.*].

On December 5, 2011, Plaintiff's first day, Plaintiff signed a receipt indicating that she would read CaroMont's employee handbook containing copies of CaroMont's policies and procedures. [Doc. No. 4-3: Employee Handbook Acknowledgment]. The receipt further explained that the:

> handbook is not a contract . . . the company also has the right to end the employment relationship at anytime for any reason. No statement, whether written or oral, by an employee, officer, director or agent of the company contrary to this paragraph or these guidelines shall have any force and effect, unless it is signed by the president of the company.

[*Id.*].

The handbook included CaroMont's Introductory Period Policy which states that, "[a]ll new employees are in an introductory trial status for three months (90 days). During this period,

2

the employee may terminate his/her employment or the hospital may dismiss the employee without further obligation from either party." [Doc. No. 4-1: Introductory Period Policy].

Plaintiff contends that she was not provided the period of training and development that she was promised and that her supervisor to whom she was told she would report was switched to another supervisor almost immediately after she started and her primary work location was switched from defendant's main hospital in Gastonia to its family practice location in Belmont, where she was "practically the only African American in the pertinent workforce." [Doc. No. 1-1: Complaint ¶¶ 11, 12].

On January 5, 2012, Defendant terminated Plaintiff's employment. [Doc. No. 1-1: Complaint ¶ 15; Doc. No. 4: Answer ¶ 15]. Plaintiff filed suit against Defendant on November 1, 2012. [Doc. No. 1-1: Complaint]. Plaintiff alleges four claims: (1) breach of contract and duty of good faith and fair dealing; (2) misrepresentation of material facts' (3) discrimination based on race; and (4) wrongful termination of employment. [*Id.*]. Defendant removed this case to federal court on December 3, 2012 and filed an Answer on December 10, 2012. [Doc. Nos. 1 and 4].

## II. LEGAL STANDARD

> The standard of review for a 12(b)(6) and a 12(c) motion is nearly the same – the Court must accept the nonmovant's allegations as true, viewing the facts in the light most favorable to the nonmoving party – with the real difference being that on a 12(c) motion, the Court considers the Answer as well as the Complaint. Furthermore, the Court notes that consideration of the . . . other materials on which the plaintiff's allegations explicitly rely does not convert this motion to one for summary judgment under the Federal rule of Civil Procedure 56.

*Massey v. Ojaniit*, No. 3:11cv477, Doc. No. 44 at 3 (W.D.N.C. Aug. 17, 2012) (Keesler, Mag.) (citing *Williams v. Branker,* 462 F. App'x 348, 352 (4th Cir. 2012) (finding that courts review

3

Rule 12(c) motions for judgment on the pleadings "Applying the same standard of review we apply to a Rule 12(b)(6) motion to dismiss).

Federal Rule of Civil Procedure 10(c) provides that "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

> Exhibits that may be incorporated with the pleadings under Rule 10(c) include: "documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based. Lengthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings. The Fourth Circuit has ruled that courts may consider documents attached to a complaint pursuant to Rule 10(c) in ruling on a motion to dismiss for failure to state a claim so long as the documents are integral to the complaint and authentic.

*Green Ventures Int'l, LLC, Partnership v. Guttridge,* 2010 WL 5019363 at *11 n.4 (D.S.C. Dec. 1, 2010) (internal citations omitted).

The law specifically provides that the Court may consider exhibits integral to a party's defense. *Id*. ("Exhibits that may be incorporated within the pleadings under Rule 10(c) include: 'documentary evidence, specifically contracts, notes, and other writings on which a party's action or defense is based." (quoting *Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989)).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When deciding a 12(b)(6) motion to dismiss, a court must "accept as true all factual allegations" presented in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 589 (2007). In order to survive a 12(b)(6) motion to dismiss, the plaintiff's complaint must contain more than mere legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). The claim is facially plausible when the factual content of

4

the complaint allows the court to "draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"Although for the purposes of this motion to dismiss [the Court] must take all the factual allegations in the complaint as true, [it is] not bound to accept as true legal conclusions couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Fourth Circuit has also held that the court need not accept allegations in the complaint that represent "unwarranted inferences, unreasonable conclusions, or arguments' or 'contradict matters properly subject to judicial notice or by exhibit.'" *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006) (quoting *E. Shore Mkts.*, *Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)).

### III. ANALYSIS

Defendant incorporated the following documents into its Answer as attached exhibits: (1) Defendant's Introductory Period Policy; (2) Plaintiff's signed employment applications submitted to Defendant; (3) Plaintiff's signed acknowledgement memorializing her receipt of Defendant's employee handbook; and (4) Defendant's November 7, 2011 letter to Plaintiff, recording Plaintiff's acceptance of a position with Defendant. [Doc. Nos. 4-1 – 4-4]. Defendant attached these documents to its Answer pursuant to Rule 10(c). These documents are integral to Defendant's defense. Plaintiff either signed or received each of these documents during her application process and first day on the job. Plaintiff signed all eight of the employment applications, [Doc. No. 4-2], and the employee handbook acknowledgement. The Introductory Period Policy is discussed in Plaintiff's signed employment applications and is one of the policies that Plaintiff promised to review via her signed handbook acknowledgment. [Doc. Nos.

5

4-1; 4-2, and 4-3]. The November 7 letter was addressed and delivered to Plaintiff, containing salary and other information that Plaintiff alleges in her Complaint. [Doc. No. 4-4]. The Court will consider these documents in evaluating Defendant's motion.

### A. Breach of Contract

Plaintiff's breach of contract and duty of good faith and fair dealing claim must be dismissed because there was no contract between the parties. To begin, "North Carolina is an employment-at-will state. [The North Carolina Supreme] Court has repeatedly held that in the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." *Kurtzman v. Applied Analytical Indus.,* 493 S.E. 2d 420, 422 (1997). Indeed, the at-will presumption is so powerful that even if there is an employment contract "that attempt[s] to provide for permanent employment, or 'employment for life,' [it is] terminable at will by either party." *Id.* (internal citations omitted).

In the instant case, the lack of a contract is underscored by Defendant's specific written declarations to Plaintiff that her employment would be at-will and that Defendant "has the right to end the employment relationship at any time for any reason." [Doc. No. 4-3: Employee Handbook Acknowledgement] [also stating that "this handbook is not a contract"]; see also [Doc. No. 4-4; November 7 Acceptance Letter] [re-affirming at-will employment relationship]. Moreover, Plaintiff was advised in her employment application that her "employment will be on a trial basis for ninety (90) days. Before or after this ninety day period, [your] employment is 'at-will' and can be terminated by [you] or CaroMont Health at any time meaning that either CaroMont Health or [you] may end the employment relationship at any time with or without cause. This application does not create a contract of employment nor guarantee employment for

6

any definite period of time." [Doc. No. 4-2: Employment Application Acknowledgment]. The ninety day period was further explained in Defendant's Introductory Period Policy which states that during this period, CaroMont "may dismiss the employee without further obligation from either party." [Doc. No. 4-1].

In light of the documents attached to Defendant's Answer, Plaintiff simply cannot establish that an employment agreement existed between the parties and Plaintiff's breach of contract claim must be dismissed.

### B. Misrepresentation of Material Facts

Plaintiff labels her second claim as one for "Misrepresentation of Material Facts." [Doc. No. 1-1 at ¶¶ 31-41]. Specifically, Plaintiff contends that "Defendant made numerous statements to Plaintiff to entice Plaintiff to accept employment with Defendant." [Doc. No. 1-1 at ¶ 32]. Plaintiff also contends that "[m]any of the statements and representations that were made by Defendant to entice [her] to accept the position and employment were false, particularly representations with respect to promised training, promised training period, nature of the position, duties and responsibilities of the position, location and environment with respect to the position, supervision and reporting with respect to the position, term of the employment and many other material aspects of the promised job." [*Id.* ¶ 33]. It is not clear, from Plaintiff's Complaint, whether Plaintiff intends to allege fraud, negligent misrepresentation, or promissory estoppel. Defendant briefed each in its Motion, however, Plaintiff, in her response, did not address the substance of this claim or clarify on which theory her claim is based. Instead, Plaintiff focused her entire brief on whether or not the Court could consider the documents attached to Defendant's Answer. Therefore, for the reasons stated in Defendant's Motion, Defendant's Motion for Partial Judgment on the Pleadings is Granted with respect to Plaintiff's

Misrepresentation of Material Facts claim.

## IV. CONCLUSION

The documents Defendant attached to its Answer contradict Plaintiff's allegations that (1) an employment contract existed between her and CaroMont and (2) that Defendant intended Plaintiff to reasonably rely, and Plaintiff did so rely, on the alleged statements made to her by CaroMont employees during her application process. Therefore, this Court need not accept these allegations as true under the Fourth Circuit's holdings in *Blankenship* and *Veney*. Plaintiff's breach of contract and misrepresentation claims must be dismissed.

## V. ORDER

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Judgment on the Pleadings [Doc. No. 5] is GRANTED. Plaintiff's breach of contract and misrepresentation claims are dismissed. Plaintiff's remaining claims, which were not addressed in the instant motion, have not yet been adjudicated and remain the subject of this lawsuit.

**SO ORDERED.**

Signed: February 4, 2013

Graham C. Mullen
United States District Judge